# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:09-CV-493-RJC-DCK

| | |
|---|---|
| LISA C. KING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| MICHAEL ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the Plaintiff's "Motion For Summary Judgment" (Document No. 8) and "Plaintiff's Memorandum In Support Of Motion For Summary Judgment" (Document No. 9), filed April 27, 2010; and Defendant Commissioner's "Motion For Summary Judgment" (Document No. 10) and "Memorandum In Support Of Summary Judgment" (Document No. 11), filed May 13, 2010. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B), and these motions are ripe for disposition.

After careful consideration of the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Summary Judgment" be denied; that Defendant's "Motion For Summary Judgment" be granted; and that the Commissioner's decision be affirmed.

## I. PROCEDURAL HISTORY

Plaintiff Lisa C. King ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. On February 27, 2006, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § *et seq.,* alleging an inability to work due to a disabling

condition beginning August 31, 1995. (Transcript of the Record of Proceedings ("Tr.") 14). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on August 2, 2006, and again after reconsideration on January 3, 2007. Id. Plaintiff filed a timely written request for a hearing on February 5, 2007. Id. On November 13, 2008, Plaintiff appeared and testified at a hearing before Administrative Law Judge Saul W. Nathanson ("ALJ"). Id. On or about March 17, 2009, the ALJ issued an unfavorable decision denying Plaintiff's claim. (Tr. 14-19).

Plaintiff filed a request for review of the ALJ's decision on March 30, 2009, which was denied by the Appeals Council. (Tr. 1-3, 9-10, ). The March 17, 2009 ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request on September 25, 2009. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on November 20, 2009. (Document No. 1). The pending motions are now ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir.

2

1972). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case *de novo* when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between August 31, 1995, and Plaintiff's date last insured.[1] (Tr. 14). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

---

[1] Under the Social Security Act, 42 U.S.C. § 301, *et seq.*, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) quoting 42 U.S.C. § 423(d)(1)(A).

On March 17, 2009, the ALJ found that Plaintiff was not "disabled" at any time between August 31, 1995 and December 31, 2000. (Tr. 14). The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

(20 C.F.R. § 404.1520(a)(4)(i-v)). In this case, the ALJ determined at the second step that the Plaintiff was not disabled. (Tr. 16-19).

The ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity after her alleged disability onset date of August 31, 1995, through her date last insured of December 31, 2000. (Tr. 16). At the second step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months, and therefore, did not have a severe impairment or combination

4

of impairments. (Tr. 16)(citing 20 C.F.R. 404.1521).² The ALJ thus concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between August 31, 1995 and December 31, 2000. (Tr. 19).

Plaintiff on appeal to this Court contends that the ALJ erred (1) in not proceeding beyond step two in the evaluation, and (2) in failing to determine the date of onset of disability pursuant to Social Security Ruling ("SSR") 80-20. (Document No. 9). The undersigned will discuss these contentions in turn.

### A. Step 2 Evaluation

The ALJ noted the standard for finding a "severe" impairment in his decision:

> An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. An impairment or combination of impairments is "not severe" when medical and other evidence establish only a slight abnormality or combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work (20 CRF 404.1521; Social Security Rulings (SSRs) 85-28, 96-3p, and 96-4p). If the claimant does not have a severe medically determinable impairment or combination of impairments, she is not disabled. If the claimant has a severe impairment or combination of impairments, the analysis proceeds to the third step.

(Tr. 15).

Plaintiff concludes that "the Commissioner erred as a matter of law when he determined that Ms. King did not have a severe impairment." (Document No. 9, p.10). However, Plaintiff provides little, if any, argument or explanation as to how the ALJ erred in his assessment of Plaintiff's alleged

---

² The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

impairment(s) and the severity thereof. (Document No. 9, p.9). Plaintiff notes various diagnoses, including chronic anxiety and panic attacks, but does not actually allege that she suffered from a "severe medically determinable impairment or combination of impairments." Id.; see also, (Tr. 18-19). Plaintiff presents a factual background detailing significant difficulties, but fails to cite sufficient medical evidence to support her claims of a medically determinable disability.

Defendant asserts that the ALJ's determination was correct. (Document No. 11). Specifically, Defendant points out that the ALJ found that Plaintiff "has not met her obligation of demonstrating by objective evidence, the intensity and persistence of these impairments to the extent they affected her ability to work before her date last insured." (Document No. 11, p.5); see also, (Tr. 18). "[M]edical evidence alone is evaluated in order to assess the effects of the impairment(s) on ability to do basic work activities." (Document No. 11, pp.3-3 quoting SSR 85-28). Defendant further contends that the ALJ correctly noted that although Plaintiff was taking Xanax "as needed" since 1989, there was/is not medical evidence of record showing that Plaintiff sought ongoing treatment for her panic attacks or anxiety. (Document No. 11, p.5, citing Tr. 18-19). Moreover, Plaintiff's treating physician, Dr. Jerome Howard, did not refer her to any mental health treatment until well after her date last insured, December 31, 2000. Id. As further support, Defendant cites relevant case law showing that an impairment is not severe where claimant never sought further treatment, and that mental impairment is not severe where, "*inter alia*, there was 'no evidence the claimant was ever referred to a mental health specialist for treatment of a mental impairment.'" (Document No. 11, pp.5-6 citing Thompson v. Apfel, 199 F.Supp.2d 798, 813-814 (W.D.Tenn. 2001); Hensley v. Barnhart, 352 F.3d 353, 357 (11th Cir. 2003); and quoting D'Arrigo v. Barnhart, 2006 WL 2520524 at *4 (E.D.Pa. Aug. 23, 2006)). Defendant also asserts that the ALJ properly

6

observed that Dr. Howard's notes did not reflect her alleged panic attacks until *after* her date last insured. (Document No. 11, p.6).

Defendant's motion persuasively argues that the ALJ in this instance relied on substantial evidence in reaching his decision. It appears that the record simply lacked medical evidence establishing that Plaintiff's alleged impairments impacted her ability to perform basic work activities during the relevant time period.

**B. Applicability of SSR 80-20**

Next, Plaintiff suggests that the ALJ erred by failing to make a determination about the date of onset of Plaintiff's disability. (Document No. 9, p.9, citing SSR 83-20).

The undersigned agrees with Defendant's analysis that SSR 80-20 is misapplied by Plaintiff to this case. (Document No. 11, pp.10-12). In its introduction, the ruling provides "[i]n addition to determining that an individual is disabled, the decisionmaker must also establish the onset date of disability." SSR 80-20. Here, the ALJ found that Plaintiff was not disabled, and therefore was under no obligation to determine an onset date of disability.

In short, substantial evidence supports the weight given by the ALJ to Plaintiff's alleged impairments and the lack of objective medical evidence supporting her claims.

**IV. CONCLUSION**

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart,

434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment" (Document No. 8) be **DENIED**; Defendant's "Motion For Summary Judgment" (Document No. 10) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Robert J. Conrad, Jr.

**IT IS SO RECOMMENDED**.

Signed: November 8, 2010

_____
David C. Keesler
United States Magistrate Judge