UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:09-cv-493-RJC-DCK

| LISA C. KING, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on the parties' cross motions for summary judgment (Doc. Nos. 8, 10) and the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 12).

## I. BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case, and the Court thus adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the

court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination of the case, and accordingly the Court has conducted a careful review of the M&R.

## III. DISCUSSION

The plaintiff objects to the Magistrate Judge's Recommendation that this Court affirm the Administrative Law Judge's ("ALJ") determination that she did not suffer from a severe impairment. The plaintiff offers no new argument on this issue, but rather rests on her brief in support of her motion for summary judgment. After a careful review of the M&R and the parties' briefs, the Court finds that the Magistrate Judge did not err in reaching this determination.

The plaintiff further objects to the statement in the M&R that the plaintiff "notes various diagnoses, including chronic anxiety and panic attacks, but does not actually allege that she suffered from a 'severe medically determinable impairment or combination of impairments.'" (Doc. No. 13 at 3). She complains that the Magistrate Judge incorrectly believed she had a duty to use the exact language "severe medically determinable impairment or combination of impairments" for her claim to succeed. This statement from the M&R, standing alone, could certainly create worry. However, the plaintiff extracts this statement out of the context.

After explaining that the plaintiff did not explicitly allege a "severe medically determinable impairment or combination of impairments," the Magistrate Judge went on to note that the plaintiff had failed to submit "sufficient medical evidence to support her claims of a medically determinable disability." (Id. at 6). The Commissioner correctly points out that the plaintiff had the burden of production at step two of the sequential evaluation process, and that the Magistrate Judge did not

2

impose an improper duty upon the plaintiff. The Court agrees and finds that the Magistrate Judge did not err in reaching the conclusion that the ALJ's decision should be affirmed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. the plaintiff's motion for summary judgment (Doc. No. 8) is **DENIED**;

2. the Defendant's motion for summary judgment (Doc. No. 10) is **GRANTED**; and

3. the Commissioner's determination is **AFFIRMED**.

Signed: December 1, 2010

Robert J. Conrad, Jr.
Chief United States District Judge